**Edwin Alfred MARKSMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Judson PARKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5403, 5404.**

District of Columbia Court of Appeals.

Argued Dec. 21, 1970.

Decided March 25, 1971.

Joel M. Finkelstein, Washington, D. C., for appellants.

Charles H. Roistacher, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Luke C. Moore, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and YEAGLEY, Associate Judges.

KELLY, Associate Judge.

These appeals are from convictions of simple assault.[1] We find that neither of the two points of error raised by appellants merits reversal and therefore affirm.

Appellants, the complaining witness, and many of the other witnesses who testified at the lengthy jury trial of this case are members of the faculty of Federal City College. It is not necessary to our decision nor would it serve a useful purpose to recite in detail the voluminous and contradictory testimony elicited at trial. It is enough to say that the complainant, Acklyn Lynch, was selected as the nominee of certain members of the faculty for election to the position of Chairman of the Social Sciences Division of the college. The selection was the result of a vote taken at a meeting on February 17, 1970—the last of a series of meetings and discussions—at the apartment of one of the witnesses. Appellants had supported a different candidate and were upset by Lynch's selection. They asked to speak with him, and for that purpose the three retired to the bedroom of the apartment. There an altercation ensued in which Lynch was injured.

Lynch testified that his injuries, which included a broken zygomatic bone, resulted from a beating by appellants. On the other hand appellants testified that they had been attacked by Lynch and had simply defended themselves against his assault. They said further that Lynch's facial injury resulted from a blow to the face with a walking stick wielded by a friend to whom he had called for assistance.

Appellants claim that it was reversible error for the trial judge to refuse their request to instruct the jury on the use of prior inconsistent statements for purposes of impeachment.[2] After a careful reading of the record we conclude that such an instruction was neither necessary nor in appellants' best interests.

On cross-examination, appellants' counsel questioned Lynch about a medical history he had given to one of his physicians as follows:

Q. When you gave a history to Doctor Howard of how you got your injuries, didn't you tell him that you were hit in the face by a cane, or a stick?

1. D.C.Code 1967, § 22–504.

2. "The testimony of a witness may be discredited or impeached by showing that he has previously made statements which are inconsistent with his present testimony. The prior statement is admitted into evidence solely for your consideration in evaluating the credibility of the witness. You may consider the prior statement only in connection with your evaluation of the credence to be given to the witness' present testimony in court. You must not consider the prior statement as establishing the truth of any fact contained in that statement." Junior Bar Section of D.C. Bar Ass'n, Criminal Jury Instructions for the District of Columbia, No. 20 (1966).

\* \* \*

Q. Didn't you tell him that you were beaten in the face with a stick, or a cane?

A. I remember telling him I was being stomped, and kicked on. I don't remember that I remember [sic] telling him that I was beaten in the face with a stick. (Tr. 77–78.)

Counsel then proceeded to a new area of questioning without asking Lynch directly if he had in fact been hit with a stick or cane. The medical history, introduced later through the testimony of Dr. Howard, was that "[h]e [Lynch] was also hit by a cane, or a stick, of some sort in the face." (Tr. 180.) Dr. Howard testified, in part: "This might be what he told me." (Tr. 180.)

It is apparent from the foregoing testimonial excerpts that counsel failed to develop a clear inconsistency which would justify the giving of the requested instruction. Yet even if the testimony as a whole indicated that appellants were entitled to such an instruction,[3] the failure of the court to so instruct the jury was in no sense prejudicial. On the contrary, since the purpose of the instruction is to prevent the jury from considering the prior statement as substantive testimony and to limit its effect solely to its use in evaluating the truthfulness of the witness' present testimony, it was to appellants' advantage not to have the limiting instruction given. Absent such an instruction counsel could, and did in fact, ask the members of the jury to accept as true the substance of the medical history in an effort to persuade them that Lynch's zygomatic bone was broken when a third party entered the room swinging his walking stick and inadvertently struck him. If accepted by the jury, this testimony would necessarily have substantially weakened the Government's argument that the fracture resulted from a kicking and beating inflicted by appellants.

The trial judge devoted two pages of the record to explaining to the jury how it should evaluate the credibility of witnesses who testified at trial. His instructions were comprehensive, clear, and more than adequate for a determination of all issues of credibility. Clearly therefore, under these circumstances, the failure to give the limiting instruction on prior inconsistent statements was not reversible error.

Appellants also argue that it was error for the trial judge to allow the prosecutor to call in rebuttal a witness who should have testified in the Government's case in chief. The witness, who was in the witness room throughout the trial, was there to testify that appellant Marksman had made threatening statements against Lynch prior to the assault, testimony which the Government asserted in its opening statement would be forthcoming. Appellants strenuously objected to the procedure employed by the prosecutor in not calling this witness until rebuttal and it is their contention that the court's ruling allowing such procedure was highly prejudicial to their case.

■ As a general rule, the trial court, in its discretion, regulates the order of proof and introduction of evidence at trial. Brooke v. United States, 128 U.S.App.D.C. 19, 385 F.2d 279 (1967). Nevertheless, the obvious and proper procedure in this case was for the Government to have called the witness to testify in its case in chief. On the record, however, we cannot accept appellants' argument that the prosecutor acted by design rather than inadvertence when he failed to do so. More important, any prejudice which might have resulted from this procedure was rectified by the court's allowing appellants to recall any witnesses they wished in surrebuttal.

We have reviewed the record in particular detail because of the emotional setting of this trial. Ultimately, from all of the

3. *Cf.* Jones v. United States, 128 U.S.App. D.C. 36, 385 F.2d 296 (1967) ; Bartley v. United States, 115 U.S.App.D.C. 316, 319 F.2d 717 (1963).

contradictory testimony, the question of guilt or innocence was one of fact for the jury to determine. And since we find no error of law justifying reversal, the judgments of conviction are

Affirmed.